IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DANA CHAMBLEE LOPEZ                                                                   PLAINTIFF

VS.                                                        CIVIL ACTION NO.  3:22-cv-596-CWR-FKB

KILOLO KIJAKAZI,
COMMISSIONER OF SOCIAL
SECURITY                                                                                    DEFENDANT

# REPORT AND RECOMMENDATION

## I. Introduction

Dana Chamblee Lopez filed claims for disability insurance benefits and supplemental security income with the Social Security Administration ("SSA") on March 16, 2018 alleging an onset date of November 1, 2017.  [10] at 16, 202-213.  After her applications were denied initially and upon reconsideration, she requested and was granted a hearing, which was held by video on November 9, 2021 before an administrative law judge ("ALJ").  *Id.* at 60-78.  On November 3, 2020, the ALJ issued a decision finding that Lopez was not disabled.  *Id.* at 16-33.  The Appeals Council denied review.  *Id.* at 6-8.  Plaintiff is represented by counsel and has brought this appeal pursuant to Section 1631(c)(3) of the Social Security Act and 42 U.S.C. § 1383(c).

The parties have filed their briefs, and this matter is ripe for review.  *See* [12], [14].  Having considered the memoranda of the parties and the administrative record, the undersigned recommends that the ALJ's decision be reversed and remanded to the Commissioner for further consideration.

## II. Facts and Evidence

Lopez was born on September 5, 1980 and was 37 years old at the time she filed her application for benefits. [10] at 202-213; 231. In her application, she alleged that she is disabled due to seizures. *Id.* at 235. She reported her height as five feet, six inches and her weight as 180 pounds. *Id.* At her hearing, she testified that she has anxiety disorder, major depressive disorder, seizures, and chronic migraines. *Id.* at 67-71. Lopez testified that she did not finish ninth grade, that she never attained a G.E.D., and that her weight was currently 227 pounds. *Id.* at 65. Her past work includes employment as a retail/restaurant cashier, a poultry plant worker, a meat packer, and a house cleaner. *Id.* at 236.

The record documents that Lopez sought treatment for seizures and migraines over a period of years, from 2017 to 2021. *Id.* at 400-574. Plaintiff reported that she suffered from seizures throughout childhood, but that they subsided at age 13 in 1993 until they returned in 2017. *Id.* at 406. Lopez's treating nurse practitioner and doctor tried a combination of drug therapies to treat her seizures and migraine headaches, with limited success. *Id.* at 400-417, 422-490, 529-537, 565-574.

## III. The Decision of the ALJ

In evaluating Plaintiff's claim, the ALJ worked through the familiar sequential evaluation process for determining disability.[1] The ALJ found that Lopez has not engaged in substantial

---

[1] In evaluating a disability claim, the ALJ is to engage in a five-step sequential process, making the following determinations:

    (1)    whether the claimant is presently engaging in substantial gainful activity (if so, a finding of "not disabled" is made);

    (2)    whether the claimant has a severe impairment (if not, a finding of "not disabled" is made);

2

gainful activity since November 1, 2017, her alleged onset date, and she has the severe impairments of seizures, headaches, obesity, depression, and anxiety. *Id.* at 18.

At the next step, the ALJ concluded that Lopez does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* at 20. With regard to her seizures, the ALJ's analysis consisted of the statement that "[t]he medical evidence of record does not document the frequency and consistency of seizures as required by Listing 11.02, which addresses *Epilepsy*, and requires documentation by a detailed description of a typical seizure," followed by the criteria of Listing 11.02. *Id.* (emphasis in original). As for Lopez's "primary headache disorder," the ALJ noted that Listing 11.02 for Epilepsy is the "most closely analogous listed impairment for an MDI of a primary headache disorder," followed by a detailed recitation of the criteria. *Id.* at 20-21. The ALJ's comparison of Lopez's headache disorder to the criteria consisted of the statement that "[t]he medical evidence of record does not establish the claimant's headaches to equal the requirements of any listed impairment." *Id.* at 21.

---

(3)  whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Part 404, Subpart P, Appendix 1 (if so, then the claimant is found to be disabled);

(4)  whether the impairment prevents the claimant from doing past relevant work (if not, the claimant is found to be not disabled); and

(5)  whether the impairment prevents the claimant from performing any other substantial gainful activity (if so, the claimant is found to be disabled).

*See* 20 C.F.R. § 416.920. The analysis ends at the point at which a finding of disability or non-disability is required. The burden to prove disability rests upon the claimant throughout the first four steps; if the claimant is successful in sustaining her burden through step four, the burden then shifts to the Commissioner at step five. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

Considering the foregoing impairments, other severe impairments, and the record, the ALJ concluded that Lopez has the RFC to perform a full range of work at all exertional levels, but with certain nonexertional limitations, as follows:

> The claimant could not climb ladders, ropes, or scaffolds, but could frequent[ly] climb ramps and stairs, balance, kneel, crouch, crawl, and stoop. She must avoid unprotected heights or hazardous machinery. The claimant is limited to routine, repetitive tasks, and occasional interactions with public, co-workers, and supervisors. She could perform no fast-paced production type work.

*Id.* at 23.

At the next step, the ALJ found that Lopez is capable of performing her past relevant work as a housekeeper/housecleaner. The ALJ concluded that "this work does not require the performance of work-related activities precluded by the claimant's residual functional capacity." *Id.* at 31. Alternatively, the ALJ found that Lopez's ability to perform work at all exertional levels has been compromised by nonexertional limitations. Therefore, the ALJ consulted with a vocational expert, who concluded that Lopez could perform the following light, unskilled, SVP 2 occupations: bench assembler, sorter, and final inspector. *Id.* at 32. Accordingly, the ALJ concluded that Lopez was not disabled from November 1, 2017, through the date of the decision, November 23, 2021. *Id.* at 32-33.

## IV. Standard of Review

This Court's review is limited to an inquiry into whether there is substantial evidence to support the Commissioner's findings, *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971), and whether the correct legal standards were applied, 42 U.S.C. § 405(g) (2006). *Accord Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 1994); *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). The Fifth Circuit has defined the "substantial evidence" standard as follows:

> Substantial evidence means more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It must do more than create a suspicion of the existence of the fact to be established, but "no substantial evidence" will be found only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence."

*Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983). In applying the substantial evidence standard, the Court must carefully examine the entire record, but must refrain from re-weighing the evidence or substituting its judgment for that of the Commissioner. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Conflicts in the evidence and credibility assessments are for the Commissioner and not for the courts to resolve. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995). Hence, if the Commissioner's decision is supported by the evidence, and the proper legal standards were applied, the decision is conclusive and must be upheld by this Court. *Paul v. Shalala*, 29 F.3d 208, 210 (5th Cir. 1994), *overruled on other grounds, Sims v. Apfel,* 530 U.S. 103 (2000).

## V. Discussion

Plaintiff argues that the ALJ's decision should be reversed and rendered, or, alternatively, remanded on three grounds, as follows:

(1) Did the ALJ err in his analysis of Plaintiff's listed impairments?

(2) Did the ALJ err in his consideration of Plaintiff's migraine headaches?

(3) Did the ALJ err in his assessment of Plaintiff's ability to maintain or sustain employment?

As stated above, the court must refrain from re-weighing the evidence. "[T]he task of weighing the evidence is the province of the ALJ. [The court's] job is merely to determine if there is substantial evidence in the record as a whole which supports the ALJ's decision." *Chambliss v. Massanari*, 269 F.3d 520, 523 (5th Cir. 2001). The Court must also review

whether the decision comports with relevant legal standards. *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). The undersigned has carefully examined the entire record and finds that the ALJ erred as a matter of law when evaluating Plaintiff's seizures and migraine headaches. Accordingly, the undersigned recommends that the case be reversed and remanded.

  A. <u>Did the ALJ err in his analysis of Plaintiff's listed impairments, including consideration of her migraine headaches?</u>

  Plaintiff argues that the ALJ failed to evaluate her seizures and migraines pursuant to Listing 11.02 for Epilepsy. The Plaintiff also argues that the ALJ failed to follow Social Security Ruling ("SSR") 19-4p when evaluating her migraine headaches, with a corresponding impact on the RFC.[2]

  The ALJ's analysis of Lopez's seizures under Listing 11.02 consisted of the ALJ's conclusion that "[t]he medical evidence of record does not document the frequency and consistency of seizures as required by Listing 11.02," followed by a recitation of the criteria for the Listing. *See* [10] at 20. The ALJ did not compare Plaintiff's medical records to the criteria and failed to set forth his reasoning behind his conclusion.

  Likewise, the ALJ set forth the criteria for evaluating Lopez's migraine headaches as a primary headache disorder pursuant to Listing 11.02 for Epilepsy, but limited his analysis to the conclusory statement that "[t]he medical evidence of record does not establish the claimant's headaches to equal the requirements of any listed impairment." *Id.* at 21. The ALJ failed to reference SSR 19-4p in his analysis or follow its directive for analyzing migraine headaches. *See* SSR 19-4p, 2019 WL 4169635 at *7 (Aug. 26, 2019).

---

[2] Although Plaintiff argues these points separately, the Court will address Plaintiff's issues A and B together.

Although an exhaustive, "point-by-point discussion" is not required, "in this case, the ALJ offered nothing to support [his] conclusion at this step and because [he] did not 'we as a reviewing court, simply cannot tell whether [his] decision is based on substantial evidence or not.'" *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007). Given the volume of documentation concerning Lopez's medical treatment for seizures and migraine headaches, and the fact that the ALJ found enough evidence in the record to conclude that Lopez has the severe impairments of seizures and headaches, the ALJ's failure to better explain his conclusions on the medical equivalence of Lopez's impairments to the Listings is an error that affects Lopez's substantial rights. *See id.* at 449.

Accordingly, remand is appropriate for reconsideration of Listings equivalence and the corresponding impact on Plaintiff's RFC. On remand, the ALJ should set forth the reasoning for his conclusions on the medical equivalence of Lopez's severe impairments of seizures and migraine headaches, individually and in combination. On remand, the ALJ should also obtain an expert medical opinion which includes a review of Lopez's entire disability record for the period in question.

B. <u>Did the ALJ err in his assessment of Plaintiff's ability to maintain or sustain employment?</u>

Plaintiff argues that the ALJ failed to consider properly whether she could maintain or sustain employment for a significant period of time despite her seizures and migraine headaches. Because the undersigned recommends remand for reconsideration of Listings equivalence and the corresponding impact on the Plaintiff's RFC, this issue is moot.

7

## VI. Conclusion

For the reasons stated above, the undersigned recommends that the decision of the Commissioner be reversed and remanded for further proceedings consistent with the conclusions in this Report and Recommendation.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy[3] shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the 1st day of February, 2024.

    /s/ F. Keith Ball  
UNITED STATES MAGISTRATE JUDGE

---

[3] Where a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court. *See* Fed. R. Civ. P. 5(b)(2)(C).